**CALIFORNIA FARM BUREAU FEDERATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. S–88–120 MLS.**

United States District Court, E.D. California.

May 22, 1991.

McCutchen, Doyle, Brown & Enersen, Lloyd W. McCormick, Paul D. Fredrick, San Francisco, Cal., Nancy N. McDonough, Gen. Counsel, Calif. Farm Bureau Federation, Sacramento, Cal., for plaintiff.

Daniel F. Ross, Robert M. Messick, George Harris, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

MILTON L. SCHWARTZ, District Judge.

This matter comes before the Court upon the motion of defendant, United States of America, for judgment notwithstanding the verdict ("JNOV").

The parties tried this case to a jury. On March 5, 1991, the jury returned a special verdict in favor of plaintiff, California Farm Bureau Federation. The United States then moved for JNOV pursuant to Fed.R.Civ.P. 50(b). The United States preserved its right to make this motion by moving for a directed verdict at the close of plaintiff's case and then by renewing the motion at the close of all evidence.

Having considered the United States' motion for JNOV, the memoranda of law and the oral arguments presented on April 25, 1991, the Court denies the motion.

### Standard of Review

The standards for granting JNOV are the same as those that govern a directed verdict. *Wescott v. Impresas Armadoras, S.A. Panama,* 564 F.2d 875, 882 (9th Cir. 1977); 9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2537 (Supp.1991). A JNOV is proper when the evidence permits only one reasonable conclusion as to the verdict. *Reeves v. Teuscher,* 881 F.2d 1495, 1498 (9th Cir.1989).

This Court must not "substitute its own credibility assessments and its weighing of the evidence for the jury's." *Air–Sea Forwarders, Inc. v. Air Asia Co., Ltd.,* 880 F.2d 176, 189 (9th Cir.1989), *cert denied,* —— U.S. ——, 110 S.Ct. 868, 107 L.Ed.2d 952 (1990). Rather, the Court reviews all of the evidence and the reasonable inferences therefrom in the light most favorable to the non-moving party. *Naton v. Bank of California,* 649 F.2d 691, 697 (9th Cir.1981). Therefore, if the jury's verdict is supported by substantial evidence, then the Court may not grant a motion for JNOV. *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1014 (9th Cir.1985), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). The Ninth Circuit has stated that:

Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.

*Landes Construction Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir. 1987).

### Analysis

The issue in this lawsuit was whether income that Farm Bureau received from workers' compensation activities in fiscal years 1979 and 1980 was taxable as unrelated business income pursuant to § 511 *et seq.* of the Internal Revenue Code. Farm Bureau and the United States agree that three elements must be present for income to be subject to tax:

(1) the income is derived from activities that constitute a trade or business;

(2) these activities are regularly carried on; and

(3) the activities are not substantially related to the exempt purposes of the organization.

*See United States v. American Bar Endowment,* 477 U.S. 105, 110, 106 S.Ct. 2426, 2429, 91 L.Ed.2d 89 (1986). If any one of the three elements is missing, then the income is not taxable as unrelated business income.

The jury found in favor of Farm Bureau on each of the three elements. The jury answered the interrogatories as follows:

1. Do you find from the evidence that Farm Bureau's workers' compensation activities in 1979 and 1980 were a trade or business? Answer, no.

2. Do you find from the evidence that Farm Bureau's workers' compensation activities in 1979 and 1980 were regularly carried on? Answer, no.

3. Do you find from the evidence that Farm Bureau's workers' compensation activities in 1979 and 1980 were substantially related to Farm Bureau's exempt purpose? Answer, yes.

In its motion for JNOV, the United States argues that the jury concluded incorrectly on each of the three elements. Farm Bureau contends that the evidence presented at trial and the reasonable inferences support the jury's conclusions.

### Trade or Business

█ The parties do not dispute the standard test for determining if an activity constitutes a trade or business within the meaning of the Internal Revenue Code. The Supreme Court has stated that this standard test is whether the activity was "entered into with the dominant hope and intent of realizing a profit." *American Bar Endowment,* 477 U.S. at 110, 106 S.Ct. at 2429.

The United States contends that testimony by Farm Bureau witnesses was the only evidence before members of the jury to support their conclusion on this element. Various Farm Bureau officers and former officers testified concerning its reasons or motivation for becoming involved in workers' compensation activities. These witnesses stated that Farm Bureau did not intend to earn a profit from its workers' compensation program. The United States urges that this testimony alone is not sufficient.

Witnesses also testified, however, concerning the enactment of section 11656.5 of the California Insurance Code in the early 1940s. Farm Bureau argued that section 11656.5 requires a non-profit agricultural organization to act as master policyholder and to insure the payment of the premiums by its members. Farm Bureau witnesses testified that this legislation was necessary because small farmers in rural communities could not obtain a fair net cost for workers' compensation insurance.

Various witnesses also testified about the role of the State Compensation Insurance Fund and its activities in providing group workers' compensation insurance to Farm Bureau members. Evidence established that premium rebates from State Fund on the group workers' compensation insurance policy were not distributed to Farm Bureau until about 12–18 months after the end of the policy year.

The Court does not agree with the United States that testimony by Farm Bureau witnesses as to intent or motive was the only evidence supporting the jury's conclusion that the workers' compensation activities did not constitute a trade or business.

Various circumstantial evidence used by both parties throughout the trial, including financial and accounting documents, also could have reasonably supported the jury's conclusion on this issue. Some of these documents concerned whether Farm Bureau's income from the workers' compensation activities even exceeded its costs and expenses of the program.

Farm Bureau also presented other exhibits such as its articles of incorporation and bylaws. The articles and bylaws stated that one of Farm Bureau's purposes was "to represent, protect and advance the social, economic and educational interests of the farmers of California." Farm Bureau also introduced letters from the Internal Revenue Service both granting and renewing its tax-exempt status in 1948 and 1976, respectively. The jury may have considered this information in determining whether Farm Bureau had a dominant hope and intent of realizing profit from its workers' compensation activities.

Considering all of the evidence at trial and the reasonable inferences therefrom, the Court must conclude that a jury reasonably could have found that Farm Bureau's workers' compensation activities did not constitute a trade or business.

### Regularly Carried On

The second element is whether Farm Bureau's workers' compensation activities were regularly carried on. On this issue, the Court instructed the jury that:

An activity is considered to be regularly carried on if it is conducted with sufficient frequency and continuity. An activity is considered to be not regularly carried on if the exempt organization conducts the activity for only a few weeks each year.

Activities that are of a short duration and occur on an annual basis are not considered "regularly carried on" and are not subject to such tax. If activities are systematically and consistently promoted and carried on by an organization, the activities are regularly carried on.

The United States argues that Farm Bureau's activities were "ongoing and continuous," as that phrase is used in cases such as *Veterans of Foreign Wars v. Commissioner*, 89 T.C. 7 (1987), and thus were regularly carried on. Farm Bureau opposes the United States' attempt to replace or supplant its own language from the applicable Treasury Regulations, specifically sections 1–513–1(c)(1) & (2)(iii).

The Court concludes that the language in *Veterans of Foreign Wars* and the other cases cited by the United States is not particularly helpful in defining exactly what was intended by the phrase "regularly carried on." Therefore, the Court will adhere to the language contained in the applicable Treasury Regulations which was incorporated into this jury instruction.

Testimony established that Farm Bureau spent no more than two weeks each year on activities related to premium guarantee for the group policy and the distribution of any premium rebates from State Fund. This amount of time is within that period stated in the Treasury Regulations. The United States, however, contends that this is the same amount of time that any taxable insurance company would have spent on these activities.

The United States, however, seems to overlook that section 11656.5 of the California Insurance Code required Farm Bureau to act as master policyholder and guarantee the payment of the premiums of the group members. Further, the United States focused on only one aspect of workers' compensation insurance. The United States did not argue that Farm Bureau undertook any conduct in selling the insurance policies, processing the claims or calculating benefits. In fact, numerous witnesses testified that State Fund was the only company that provided these or any other workers' compensation insurance services to the participating Farm Bureau members.

Regardless of the exact language used to define "regularly carried on," in considering the totality of the circumstances and the evidence presented at trial, the Court concludes that substantial evidence supported the jury's finding that Farm Bureau did not conduct its workers' compensation

activities with "sufficient frequency and continuity" to be regularly carried on.

### Substantially Related

■ That brings the Court to the third and final element—whether Farm Bureau's workers' compensation activities were substantially related to its tax-exempt purpose. Counsel for Farm Bureau questioned numerous witnesses about the purposes of the Farm Bureau as stated in the articles and bylaws. Farm Bureau's purposes include:

(a) To work for the solution of the problems of the farm, the farm home and the rural community ...

(b) To represent, protect and advance the social, economic and educational interests of the farmers of California.

Witnesses testified that Farm Bureau's workers' compensation activities stabilized and protected the rural work force. Testimony indicated that State Fund provided safety programs, which were open to all farmers in the rural community, in connection with Farm Bureau's group insurance policy. Witnesses also stated that the workers' compensation activities improved farmers' social and economic situation and that of the rural community by enabling farmers to obtain adequate and affordable insurance coverage.

The United States argues that there cannot be any substantial relationship between these activities and Farm Bureau's exempt purposes since farmers could purchase workers' compensation insurance on their own. Farm Bureau, on the other hand, contends that these activities contribute importantly to the social and economic interests of California farmers and are some of the reasons why Farm Bureau continues to exist today.

The Court concludes that in light of the purposes for which Farm Bureau was established, the jury could have reasonably concluded that the workers' compensation activities were substantially related to Farm Bureau's tax-exempt purposes.

### Conclusion

Accordingly, considering all of the foregoing, the Court hereby DENIES the motion of defendant, United States of America, for judgment notwithstanding the verdict.

IT IS SO ORDERED.

### JUDGMENT

This matter came before the Court upon the motion of defendant, United States of America, for judgment notwithstanding the verdict. Fed.R.Civ.P. 50(b). Being duly advised, and having considered the United States' motion, the memoranda of law and the oral arguments on this matter, the Court denied the motion.

The Court hereby enters JUDGMENT in favor of plaintiff, California Farm Bureau Federation, and against defendant, United States of America, in the total amount of $549,372.68, plus legal interest from February 14, 1986.